UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARILYN FAUCHEAUX TARTO**                     **CIVIL ACTION**

**VERSUS**                                      **NO. 12-2518 c/w 13-614-MVL-SS**

**ST. CHARLES PARISH, et al**

## ORDER

UNITED STATES' MOTION TO STRIKE EXPERT TESTIMONY (Rec. doc. 106)

**DENIED**

Dustin Michael Schexnayder, Sr. sustained serious head injuries in an accident. A complaint was filed by Marilyn Faucheaux Tarto as the curator for Schexnayder. Rec. doc. 1. One of the defendants, the United States, filed a motion to compel. It was unopposed. The plaintiffs were ordered to provide the United States with complete Fed. R. Civ. 26(a)(2)(C) disclosures for Dr. St. Germain, Dr. Jayakrishnan, Dr. Eckhardt, Dr. Ramsay, Dr. Montegut, Dr. Johnson, and the unnamed representative of Sage Rehabilitation Hospital. If the plaintiffs failed to do so, the United States was ordered to file a motion to strike reports of experts. Rec. doc. 84.

The United States contends that plaintiffs' amended disclosure is inadequate. The amended disclosures provide the names of seven physicians with various specialties, including internal medicine, neurology, family medicine, orthopedics, rehabilitation, and eye trauma. Rec. doc. 106 (Exhibit 1). There are some variances in the disclosure for each physician. For example, the disclosure for internist refers to treatment for wound care and rehabilitation, and the disclosure for orthopedist refers to right foot surgery. Beyond these variances they are substantially the same. The disclosure for the internist is representative:

> Dr. Jayakrishnan will testify factually as to his individual treatment of plaintiff, Dustin Schexnayder regarding wound care and rehabilitation. Dr. Jayakrishnan will rely on medical records from St. Charles Medical Clinic and Sage Rehabilitation facility in his fact

>   testimony. Dr. Jayakrishnan will further provide expert testimony in the fields of Internal Medicine. Dr. Jayakrishnan will render expert opinion testimony as to his impressions, diagnosis, and future care and abilities of Dustin Schexnayder based on Dr. Jayakrishnan's treatment of Dustin Schexnayder and Dr. Jayakrishnan's expertise in his field of practice.

Rec. doc. 106 (Exhibit 1 at 1).

The United States contends that this disclosure lacks any summary of the specific expert opinion testimony expected from each physician at trial. There is no indication as to what the physician's exact opinion is on the future care and abilities of Schexnayder. The plaintiffs respond that they complied with Fed. Rule Civ. P. 26(a)(2)(C) and the physicians will testify as to the contents of their medical records. They argue that Rule 26(a)(2)(C) only applies to opinions outside of the medical records of treating physicians.

In 2010, Rule 26(a)(2)(C) was "added to mandate summary disclosures of the opinions to be offered by experts who are not required to produce reports under 26(a)(2)(B) and of the facts supporting those opinions." Perdomo v. United. States, CA 11-2374 (Rec. doc. 34 at 2-3) (Zainey, J.). In Robinson v. HD Supply, Inc., 2013 WL 5817555 (E.D. Cal.), the court stated:

>   While Plaintiff was not required to file a detailed, written report under Rule 26(a)(2)(B) for his treating healthcare providers, to the extent he seeks to elicit expert opinion testimony from these individuals, he was required to disclose the expected subject matter of that testimony and a summary of the facts and opinions to which the witnesses are expected to testify. . . .  Plaintiff's disclosures are insufficient under the rule.  Plaintiff's disclosure that these witnesses are medical providers and have knowledge as to Plaintiff's medical diagnosis and/or treatment, suggests the subject matter of these witnesses' testimony but fails to provide a summary of the facts and opinions to which the witnesses are expected to testify.

Id. at *2 (citations, quotation marks and brackets omitted); and see A.R. by Pacetti v. Corp. of President of Church of Jesus Christ of Latter-Day Saints, 2013 WL 5462277, *4 (D. Colo.) ("Plaintiff was required to set forth in her disclosure not only the subject matter of Dr. Shore's testimony, but 'a summary of the facts and opinions as to which the witness (a treating physician)

is expected to testify.'"). In Perdomo, Judge Zainey agreed that treating physicians were subject to Rule 26(a)(2)(C)'s summary disclosure requirement, but limited the requirement "to the opinions not contained in the medical records." CA 11-2374 (Rec. doc. 34 at 3).

To the extent that Perdomo is inconsistent with Robinson and Pacetti, the Court will follow Perdomo so there are consistent results within the Eastern District of Louisiana. The plaintiffs agree that the treating physicians will not testify outside the scope of their medical records.

IT IS ORDERED that the motion of the United States to strike/limit testimony (Rec. doc. 106) is DENIED.

New Orleans, Louisiana, this 16th day of April, 2014.

**SALLY SHUSHAN**
**United States Magistrate Judge**

3