**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARILYN FAUCHEAUX TARTO INDIVIDUALLY AND AS DULY APPOINTED CURATOR OF DUSTIN MICHAEL SCHEXNAYDER, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2518 c/w 13-614** |
| **ST. CHARLES PARISH, ET AL.** | **SECTION: "S" (1)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the United States' Motion to Exclude Untimely Expert Reports and Opinions (Doc. #115) is **DENIED** as to Dean Tekell's April 25, 2014, report, and **GRANTED** as to any further reports issued by Teakell or John Kocke.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Expert Report Deadlines (Doc. #117) is **DENIED**.

**BACKGROUND**

This matter is before the court on a motion to exclude untimely expert reports filed by defendant, the United States of America, and supported by defendant, St. Charles Parish. They argue that plaintiff, Marilyn Faucheaux Tarto, individually and as duly appointed curator of Dustin Michael Schexnayder, Sr., should be excluded from using opinions expressed in untimely expert reports, and prevented from producing more untimely expert reports. The matter is also before the court on plaintiff's motion to extend the expert report deadline. Plaintiff argues that the expert report deadline should be extended because the discovery deadline has been extended, and new discovery may lead to information that would require new expert opinions.

This suit concerns an automobile accident that occurred on February 14, 2011. The first of the consolidated actions was filed on October 15, 2012 (Civil Action No. 12-2518), and the second

was filed on April 3, 2013 (Civil Action No. 13-614). On March 26, 2013, a scheduling order was issued that set the deadlines for the exchange of expert reports as follows:

> Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefore shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than August 14, 2013.
>
> Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefore shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than September 13, 2013.

(Doc. #24). The trial was scheduled to commence on January 6, 2014.

On August 15, 2013, the court continued the trial on plaintiff's unopposed motion. On September 18, 2013, the court issued a second scheduling order that reset the dates for the production of expert reports to January 22, 2014, for plaintiff, and February 21, 2014, for defendants. The trial was scheduled for June 16, 2014.

In January 2014, plaintiff produced to defendants an expert report form Dean Tekell, a traffic engineer. On January 23, 2014, the court granted the parties' joint motion to extend the plaintiff's expert report deadline to February 24, 2014, and the defendants' expert report deadline to March 26, 2014. On February 20, 2014, plaintiff produced a report regarding Schexnayder's medical cost projection from John Kocke. On February 24, 2014, plaintiff produced a supplemental report issued by Tekell.

On March 26, 2014, the United States produced the reports of Olin Dart, an engineer, and Michael Gillen, an accident reconstructionist, as opposing experts to Tekell. On April 25, 2014, plaintiff produced a supplemental report from Tekell that analyzes the speed that Schexnayder's vehicle was traveling at the time of the accident. It specifically references Gillen's report and opinions.

On April 24, 2014, on plaintiff's motion, the court continued the trial of this matter. The United States concurred in the continuance of the trial, pretrial conference and discovery cutoff dates, but opposed an extension of the expert report deadlines. The court specifically ordered that the trial, pretrial conference and discovery cutoff dates would be continued, but "[a]ll other dates and deadlines will remain the same." The resulting May 7, 2014, scheduling order set the discovery cutoff date as August 18, 2014, the pretrial conference date as October 2, 2014, and the trial date as October 20, 2014. Thereafter, the parties filed the instant motions regarding expert reports.

**ANALYSIS**

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure states that a party must make expert disclosures "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Generally, the initial expert disclosure must be accompanied by a written report that contains: (a) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (b) "the facts or data considered by the witness in forming them"; (c) "any exhibits that will be used to summarize or supplement them"; (d) "the witness's qualifications"; (e) a list of all other cases in which the witness testified as an expert at trial or a deposition in the last four years; and, (f) a statement regarding the compensation the expert witness will receive for his services. Id. at 26(a)(2)(B)(i)-(vi). Absent a stipulation or a court order, the disclosure must be made within 30

days after the other party's disclosure "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures under Rule 26(a)(2). Id. at 26(a)(2)(D)(ii). Under Rule 26(e)(2) the parties have a duty to supplement any incorrect or incomplete information that was provided in an expert's report or deposition. Id. at Rule 26(e)(2).

However, new information provided in subsequent expert reports is treated differently than supplemental information. See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996). "The purpose of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." Id. Thus, an expert may not offer entirely new opinions once the scheduling order's deadline for the exchange of such reports has passed.

As stated above, the court specifically set the dates for the exchange of expert reports in the scheduling order. The date was twice extended, once on a joint motion, and once at plaintiff's request. The trial of this matter has also been continued twice. Defendants specifically object to continuing the expert report deadline and the court will not do so. Continuing the deadline for plaintiff will lead to more continuances for rebuttal reports from defendants, which will ultimately lead to the need for more depositions and prolong this litigation that has been pending for almost two years. Although plaintiff may not produce wholly new expert reports or opinions, she may supplemental her expert's opinions under Rule 26(e)(2), and use the information provided in Tekell's April 25, 2014, report because it complies with the rebuttal report provision of Rule 26(a)(2)(D)(ii). The court will determine which opinions offered by plaintiff's experts do not adhere to the rules for

rebuttal and supplementation either in pretrial motions in limine or in the context in which they arise at trial.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States' Motion to Exclude Untimely Expert Reports and Opinions (Doc. #115) is **DENIED** as to Dean Tekell's April 25, 2014, report, and **GRANTED** as to any further reports issued by Teakell or John Kocke.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Expert Report Deadlines (Doc. #117) is **DENIED**.

New Orleans, Louisiana, this 30th day of June, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**